Ex Parte Sotomayor et al., Petitioners and Appellants.

Appeal from the District Court of Arecibo in Proceedings for Approval of Partition of Inheritance.

No. 1247.—Decided June 24, 1916.

Partition of Inheritance—Agreement of Interested Parties—Commissioners.—When the interested parties, although there may be minors among them, agree to a partition of the inheritance, the intervention of commissioners, whether appointed by the testator or by the district court, is not necessary to effect the partition; for sections 67 to 70 of the Act relating to special legal proceedings are not applicable to such a case.

Id.—Conveyance—Minor Heirs—Authorization of Court.—Conveyances made to creditors in payment of debts in the partition of an inheritance where there are minor heirs are null and void in the absence of previous authorization by the court; and there is no difference between a case where real property is conveyed to heirs for the payment of debts and one in which the property is conveyed directly to the creditors.

Id.—Sale—Ratification of Sale—Minor Heirs—Authorization of Court.—In order that after the death of one of the spouses a deed of sale of real

property made and perfected by both spouses may be executed and recorded in the registry, not only is the assent of the surviving spouse necessary, but also that of all the heirs of the deceased spouse; and when there are minors among the said heirs, the authorization of the court is necessary because the act involves a sale or ratification of sale of real property in which a minor is interested.

ID.—ADMINISTRATION—MINOR HEIRS.—According to section 25 of the Act relating to special legal proceedings, as amended by the Act of March 8, 1916, a condition *sine qua non* for judicial administration when there are minors is that the minors are not represented by their father or mother, or by a tutor under bond according to law.

ID.—ADMINISTRATION—MINOR HEIRS—CONFLICT OF INTERESTS—PARTITION—DEFENSOR.—Upon the death of one of the parents the minor children are represented by the other in the administration of the hereditary estate and there can be no judicial administration notwithstanding the fact that if at the time the estate is to be partitioned there should be incompatibility or conflict of interests the appointment of a defensor may be necessary.

ID.—MINORS—PATRIA POTESTAS—APPROVAL OF PARTITION BY COURT—JUDICIAL ADMINISTRATION.—The provision of section 1027 of the Civil Code that when minors are under *patria potestas* and represented in the partition by their father or mother, as the case may be, no judicial intervention or approval is necessary, does not imply that judicial administration is necessary when there are minors who are not represented in the partition of the estate by their father or mother; for in such a case judicial intervention and approval of the partition will be necessary, but not judicial administration, which is entirely different.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Ignacia Berenguer Reyes died in Barceloneta on June 13, 1911, leaving a will executed on April 27, 1910, in which she set forth, among other things, that the debts and credits of the conjugal partnership appeared in the books kept by her husband, José Genaro Sotomayor; that she bequeathed one-third of her whole estate to her said husband; that she bequeathed one-third of her property in equal shares to her children José Ramón, Juan Nepomuceno and Eudobia over and above their legal portions; that she designated her said three children and four others named Carmen, Dolores, Fernanda and Fernando as sole heirs to the residue of her estate in equal parts, subject to the usufruct of the portion to which

her busband, José Genaro Sotomayor, is entitled at law, also naming him her heir as to such share; that she appointed José Genaro Sotomayor and José Gerena Negrón her executors in the order named; that she desired that her estate should be partitioned extrajudicially by Andrés Avelino Sotomayor and Ramón Torres, whom she appointed partitioners with the powers required by law.

By an order of November 24, 1913, the District Court of Arecibo appointed Hermógenes Sotomayor Hernández del Río defensor of the minors Juan Nepomuceno and Eudobia Sotomayor to represent them in the partition of the estate left by Ignacia Berenguer Reyes, inasmuch as the interests of the said minors were opposed to those of their father.

By public instrument No. 425, executed in the ward of Florida, municipal district of Barceloneta, before Notary Manuel Paz Urdaz on November 25, 1913, the surviving husband of the testatrix, José Genaro Sotomayor, in his own right and as grantee of the interests of Dolores Sotomayor Berenguer, and the other adult heir, José Ramón Sotomayor Berenguer, in his own right and as grantee of the shares of his co-heirs Carmen, Fernanda and Fernando Sotomayor Berenguer, his sisters and brother, joined by his wife, Dolores Gerena López, and Hermógenes Sotomayor Hernández del Río, as defensor of the minors Juan Nepomuceno and Eudobia Sotomayor, with the aid of experts and without the intervention of the partitioners appointed in the will, inventoried, appraised and liquidated the conjugal partnership and partitioned and distributed the estate of Ignacia Berenguer Reyes.

Clauses 5 and 11 of the said deed of partition showed the deductions to be made from the inventoried separate estate of the amount contributed to the conjugal partnership by the widower, José Genaro Sotomayor, and of certain debts owing by the said partnership; and in clause 12 the parties in interest stated that the conjugal partnership had conveyed to Ramón Colón Rodríguez a rural property containing 4

hectares, 32 ares and 34 centares for a cash consideration of $125, and another rural property to José Ramón Andújar, consisting of 3 *cuerdas,* for the sum of $150, which had also been received, and that no deeds of sale therefor were executed in favor of the purchasers, for which reasons said properties were not included in the inventory and were deducted from the community property; therefore it was agreed to transfer them in trust to the widower in order that he might execute to Colón and Andújar the deeds of sale of the said properties, which should be recorded in the registry in the name of the said grantee in trust.

A special schedule was prepared for the widower transferring certain property to him for the payment of the remaining obligations of the estate, among which property were certain parcels of land described.

The partition having been presented to the District Court of Arecibo for approval, the said court, on October 15, 1914, refused to approve the same for the following reasons:

"*First.* The testatrix having appointed partitioners in her will, they were the proper persons to partition the estate. (Sec. 67, as amended, of the Act relating to special legal proceedings.)

"*Second.* Because the properties said to have been sold by the conjugal partnership were omitted from the inventory and transferred to the widower for conveyance to the purchasers without the authorization of the court, which was necessary because there were minor heirs.

"*Third.* Because the said transfer was null and void without the authorization of the court and, moreover, is contradictory, inasmuch as it conveys what the parties allege had been sold before to others.

"*Fourth.* Because the transfer of property to the father for the payment of personal debts is null and void, since, in so far as concerns the joint-ownership rights of the minors in the real property, said transfer cannot be made without first obtaining the authorization of the court.

"*Fifth.* Because as there are minor heirs not represented by their father or by a bonded general tutor, the proceeding prescribed for such cases by sections 23 and 25, as amended, of the Act relating to special legal proceedings, in the administration, liquidation and pay-

ment of the debts of the estate left by Ignacia Berenguer Reyes has not been followed."

The court understands that the transfer to the widower of the two properties said to have been sold by the conjugal partnership should be excluded from the partition and the matter of the said sale be disposed of, so far as regards the minors, in the proper proceeding to obtain the authorization of the court; also, that the allotment of property to the widower for the payment of the personal debts should be excluded and the said property included in the divisible hereditary estate, leaving the personal debts to be settled in a prior judicial administration or in an action by the creditors against the estate.

An appeal from the said decision was taken to this court.

Let us examine its grounds.

We do not agree with the first ground of the decision appealed from to the effect that as partitioners were appointed by the testatrix in her will they were the persons who should have partitioned the estate. This court discussed that question in the case of *Irizarry* v. *Registrar of San Germán,* 22 P. R. R. 88, and reached the conclusion that whether there were minors or not the failure of the duly appointed partioners to take part in the partion of the estate did not invalidate it.

In support of that conclusion we then said, and now repeat, the following:

"Section 1024 of the Civil Code, which is relied on by the registrar in his decision, provides that the testator, by an act *inter vivos* or *mortis causa,* may entrust the mere power of making the division after his death to any person who is not one of the coheirs, and this shall be observed even should there be a minor or a person subject to guardianship among the coheirs; but the trustee in such case must make an inventory of the property of the inheritance, citing the coheirs, the creditors and the legatees.

"Section 1025 provides that should the testator not have made any division or entrusted this power to another, if the heirs should

be of age and should have the free administration of their property, they may distribute the estate in the manner they may see fit. Section 1027 provides that if the minors are subject to parental authority and are represented in the division by the father or by the mother, in a proper case, neither judicial intervention nor approval shall be required.

"Considering the provisions contained in the sections cited, we understand that the heirs, whether or not of age, by mutual consent may make the partition of the estate themselves, although partitioners may have been appointed, the approval of the partition by the court being necessary when there are minors who are not represented by their father or by their mother as the case may be.

"On this question the distinguished commentators Galindo and Escosura, in volume 2 of their *Legislación Hipotecaria* (4th edition), pages 257 and 258, say:

" 'If the testator himself made the partition or entrusted the power of doing so to another, it is questionable whether a partition made by all the adult heirs, or by minor heirs after obtaining the approval of the court, would be recordable notwithstanding.

" 'In the first case, it is our opinion that it should not be recorded. * * *.

" 'With respect to the second case, our idea is different. The testator has not transmitted specific real property. The heirs acquired their hereditary rights upon the death of the testator and by virtue thereof may make the division in the manner convenient to them.

" 'From a moral standpoint it is evident that the partition having been made by the heirs, who are the only parties interested, nobody can set up a claim against it, and there is no reason why it should not have legal force.

" 'As a matter of law we have already indicated that the intention of the legislators in enacting article 1057 was undoubtedly to endeavor to establish harmony where discord might have existed. In that case the will of the partitioner, representing that of the testator, is binding upon all. It subdues the rebellious, harmonizes the opposed and, as a symbol of the will of the testator, is supreme authority to which all the heirs owe respect.

" 'To this it may be added that there is no provision in the code rendering null and void a partition made under an agreement by all of the heirs in a case where the testator entrusted that power to another person, therefore it may be asserted that such partition is

not *necessarily* void, and, not being so, the registrar should not deny its admission to record, according to the provisions of article 65 of the Mortgage Law; while, on the contrary, as a deed of partition is a contract containing all the conditions required by section 1261 of the code, its validity must be weighed according to the provisions of section 1265.'

"Articles 1261 and 1265 of the Spanish Civil Code correspond to sections 1228 and 1232 of the Revised Civil Code."

The foregoing doctrine is corroborated by section 71 of the Act of March 9, 1905, relating to special legal proceedings, as amended by the Act of March 8, 1906.

The said section contains the following provision which is applicable to the present case:

"Where there are one or more minor heirs, or heirs otherwise incapacitated, and the legal representatives of the same and of the other heirs are agreed in respect to the partition of the hereditary estate, the provisions of sections 67 to 70, both inclusive, of this Act shall have no application; *Provided*, That all the interested parties shall file with the court a statement of such partition of the hereditary estate as may have been made. The district court shall approve such partition, making therein such legal modifications as the court may deem advisable. * * *."

Sections 67 to 70, cited in section 71, refer to the appointment of a partitioner by the district court and the acceptance and exercise of the office by the partitioner, whether appointed by the district court or by the testator. So that if by virtue of the provisions of section 71 quoted sections 67 to 70 have no application even when there are minors among the heirs, provided their legal representatives and the other heirs should agree in respect to the partition of the hereditary estate, it is obvious that when there is such an agreement the intervention of partitioners in the division is unnecessary if the partition be presented to the district court for approval.

The decision appealed from is not sustained on its first ground.

The second, third and fourth grounds of the said decision are based on the necessity of the authorization of the court for the alienation of property belonging to minors, which authorization was not obtained in the partition of the estate of Ignacia Berenguer Reyes.

On May 24, 1915, in considering the case of *Del Rosario et al.* v. *Rucabado et al.*, which involved the question of the validity or invalidity of conveyances of real property directly to creditors in payment of debts in the partition of the estate of Luz María del Rosario, in which minors were interested, this court said:

"There is no doubt as to how a conveyance of real property in satisfaction of a debt should be classified. It is plainly an alienation of real property. Nor is there any doubt of the fact that when the conveyances were made in this case the law required, as it does now, the authorization of the court for the sale of real property belonging to minors."

Being then of the opinion, however, that a conveyance of realty in payment of debts in the liquidation and partition of an estate in which minor heirs were interested should not be deemed an isolated act of alienation within the meaning of the provisions of the Civil Code requiring the authorization of the court for the alienation of property belonging to minors, but that it was an act of partition to be regulated by the law governing that proceeding, the court reached the conclusion that the partition of the estate of Luz María del Rosario was made in accordance with law and, therefore, that it could not set aside the same in so far as concerned the transfer of real property for the payment of the debts of the estate.

At that time we were guided by a consideration of the doctrine laid down by the General Directorate of Registries of Spain in various decisions to the effect that in order to determine the legal character of the conveyance of property in payment of debts, a distinction should be drawn between

cases where the conveyances were made to the heirs and where they were not; for, in the former case, it is a special act of partition to be governed by its own particular rules and, in the second, an act of alienation of property subject to the statutory regulations applicable to such conveyances when there are minor heirs interested, but this theory did not seem to us to be wholly acceptable, as stated by us in the following words:

"We have meditated carefully in attempting to discover the ground on which the Directorate distinguished the two cases and have been unable to find any reasonable solution. In our opinion the nature of the transactions in both cases is the same, both being acts of partition and not of the special alienation of real property belonging to minors."

Later, or on June 1, 1915, the Supreme Court of the United States held in the case of *Longpré* v. *Díaz*, 237 U. S. 512, that conveyances of real property to creditors in payment of debts in the partition of an estate in which minors are interested are null and void unless the necessary authorization of the court were first obtained; and upon reconsideration of the decision of May 24, 1915, in the case of *Del Rosario et al.* v. *Rucabado et al.*, 23 P. R. R. 438, two of the justices of the court reversed the said decision and rendered another on January 28, 1916, following the jurisprudence laid down by the Supreme Court of the United States. The other two justices who took part in the reconsideration were of the opinion that under the special circumstances of the case of *Del Rosario et al.* v. *Rucabado et al.* the doctrine of the Supreme Court of the United States should not influence its decision.

That jurisprudence is applicable to the present case in which minors are interested and conveyances were made of real property of the estate of Ignacia Berenguer Reyes to her surviving husband, José Genaro Sotomayor, for the execution of deeds and payment of debts; for, as we said

in considering the case of *Del Rosario et al.* v. *Rucabado et al.* on May 24, 1915, there is no reason for distinguishing between a case in which real property is transferred to heirs for the payment of debts and one in which the property is transferred directly to the creditors themselves.

We have been unable to find a single judgment of the Supreme Court of Spain sanctioning the distinction drawn by the General Directorate of Registries of Spain in repeated decisions which, being of an administrative character, according to a judgment of the said Supreme Court of December 28, 1881, constitute neither law nor jurisprudence whose violation could be made a ground for appeal. The reason is obvious; for, independently of the administrative appeals from the decisions of registrars recognized by law, the interested parties have recourse to the courts to litigate among themselves regarding the validity and consequent record of the instruments as well as the validity or invalidity of the obligations contained therein, according to articles 66 of the Mortgage Law and 116 of its Regulations. The case of *G. Martínez & Co.* v. *Roig*, 23 P. R. R. 426, establishes this fact.

It cannot be maintained that the authorization of the court was not necessary for the conveyance of the two rural properties which the conjugal partnership had sold to Ramón Colón Rodríguez and José Ramón Andújar, for although the said sales had been made by both spouses and the contracts were perfected, the sales could not be recorded in the registry without first being reduced to a public instrument, and in order to execute such instrument the consent not only of the surviving husband but also of all of the heirs of the deceased wife, Ignacia Berenguer Reyes, was required; and as among the said heirs there were minors who could not give their consent and their father was unable to do so for them in the exercise of his *patria potestas* because an act of sale or ratification of sale of real property was involved, the authorization of the court was absolutely necessary in accordance

with the Civil Code and the Act of March 9, 1905, relating to special legal proceedings, as amended by Act No. 33 of March 9, 1911.

An identical or similar question was decided by this court in the case of *Avilés* v. *Registrar of Property,* affirming a decision of the registrar of Aguadilla denying admission to record of a deed of sale executed by a mother in her own right and as representative of her minor children born in wedlock already dissolved by the death of the husband, by which deed she sought to give legal force to a contract of purchase and sale entered into by a private document during the life of both spouses. This court held that as the act involved the sale or the ratification of the sale of real property, the authorization of the court, which had not been obtained, was absolutely necessary. *Avilés* v. *Registrar of Property,* 17 P. R. R. 925.

Of course, as we said in deciding another case of *Avilés* v. *Registrar of Property,* 19 P. R. R. 345, the formalities prescribed for the sale of real property do not govern strictly a case in which it is sought only to convert a private instrument for the sale of property inherited by minor children into a public deed, for the cogent reason that there is no way of selling a property already sold; but this does not exempt the representative of the minors from the duty of first obtaining the authorization of the proper district court for the execution of the public deed.

We are therefore of the opinion that the second, third and fourth grounds of the decision appealed from are well taken.

Let us consider the fifth and last ground, which is that the proceeding prescribed by sections 23 and 25 of the act relating to special legal proceedings should have been been followed.

Section 23 of the said act has not been amended in any way and refers to the persons who may apply for judicial

administration of the estate of a decedent and the manner in which the application should be made.

Section 25 of the Act of March 9, 1905, prescribes that when all or any of the heirs are absent and have no legal representatives in the jurisdiction of the last place of residence of the deceased or where the property is located, or when an heir or legatee is a minor or incapacitated, judicial administration of the estate of the testator shall be necessary. That section was amended by the Act of March 8, 1906, in the sense that judicial administration of the estate of the testator shall be necessary when an "heir or legatee is a minor or incapacitated and is not represented by his father or mother or by a tutor who has given the bond required by law." Therefore, when there are minors it is a condition *sine qua non* for judicial administration that they are not represented by their father or mother or by a tutor who has given the bond required by law. It was the intention of the Legislature that the court should intervene to protect minors by appointing an administrator of the estate in which they have an interest only when their interests are unprotected due to the lack of legal representation.

Upon the death of Ignacia Berenguer Reyes her children were represented in the administration of the hereditary estate by the widower, their father, and therefore their interests were not unprotected and did not require the protection of the court. It cannot be said that the interests of the widower in the said administration were incompatible with those of the minor children; and so much is this so that section 31 of the act relating to special legal proceedings provides that in cases where a judicial administrator is necessary the surviving spouse may be appointed. The incompatibility or conflict of interests may exist when the time comes for partitioning the estate and the law provides for such a case by directing the appointment of a defensor to represent the minors, which appointment was made in the present case.

Section 1027 of the Civil Code provides that when the minors are under *patria potestas* and represented in the division by the father or mother, as the case may be, neither the intervention nor approval of the court shall be required, but that does not mean that judicial administration is necessary in a case where there are minors who are not represented in the division of the estate by the father or mother. In that case the intervention of the court and its approval of the partition are necessary, but not judicial administration, which is an entirely different thing.

Furthermore, article 1042 of the Law of Civil Procedure which went into effect in this Island in January, 1886, and regulated the matter under consideration until replaced by the present code on July 1, 1904, provided, among other cases, that when the heirs, or any of them, are minors or incapacitated, unless they are represented by their parents, testamentary proceedings were necessary, and it will be seen that said provision excludes judicial intervention when the minor or incapacitated heirs are represented as aforesaid.

Article 407 of the Law of Civil Procedure of 1855, in force prior to the law of 1886, prescribed that testamentary proceedings were necessary when the heirs were minors or incapacitated, whether absent or present, unless the testator disposed otherwise, and was silent as to whether testamentary proceedings were necessary when the minor or incapacitated heirs were represented by their parents.

In commenting on that article Manresa and Reus discuss the question of whether, notwithstanding the wording of the said article, the general rule includes a case in which the minor or incapacitated heirs are under *patria potestas* and reach the following negative conclusion:

"In order to avoid uncertainty and conflict, this exception should have been made expressly, but perhaps the framers of the new law believed that no judge would dare to trample upon the sacred rights of the *patria potestas,* which is so highly respected and commended by our laws. Neither in law nor on the ground of expediency can

.a court be permitted to forestall testamentary or intestate proceedings merely because the heirs are minors or incapacitated when they are under parental authority.

"Not in law. Our laws confide so much in parental love and in the intuitive and natural zeal and diligence of the parents for the interests and welfare of their children that no statute imposes upon them the obligation of making an inventory of the property belonging to the children of which they are the administrators and usufructuaries, whereas tutors are required to do so solemnly 'with the approval of the local judge and by a public scrivener.' Nor is it proper that the judge should proceed to make inventories or to take other measures preventive of the testamentary proceedings necessary in the case under discussion. Consider the humiliation which would result to the dignity and authority of the parent to which both human and natural laws give so much importance. It would degrade him in the eyes of society and of his own children if upon the death of his consort the court should intervene and seize the property, books and papers of the conjugal partnership with the object of avoiding abuses and fraud in detriment of his minor children. Are such abuses, perchance, to be feared in the case under consideration? Can the judge or any one else take a greater interest in the property belonging to the minors than their own parent? Can that danger exist which the law with commendable foresight endeavors to provide against in the case of strangers? By no means. Then, if the law is without reason it can have no application; it should not be regarded as enacted for that special case. * * *. Therefore, if the provisions under consideration are not applicable to the present case, as we have seen, without contravening jurisprudence and the civil law, it logically follows that the necessary testamentary proceedings should not be interfered with if the minor or incapacitated heirs are under *patria potestas*. This has been the uninterrupted practice up to now and should continue to be observed. To do otherwise would be to trample upon the rights of parental authority, which have been derived from natural, civil and canonical laws. Should it be feared that the parent would misuse the property of the children, recourse may be had to other remedies provided by law to avoid this; but under pretext of taking unjustified precautions, a measure cannot be adopted which, besides being obnoxious to the parent, is injurious to the child because of the costs incurred thereby." Manresa, Law of Civil Procedure (1st ed.), Vol. III, pp. 148-151.

Again, in commenting on article 1041 of the Law of Civil Procedure of Spain, which is similar to article 1040 of the Law of Civil Procedure in force in Porto Rico until July, 1904, Manresa says:

"And the provision of subdivision 2 of article 1041 that when the minor or incapacitated heirs are represented by their parents; that is, by the father or by the mother as the case may be, the judge shall not forestall these proceedings *ex officio,* is also important. Although the law of 1855 is silent in this regard, it conformed to the law and jurisprudence then in force, as we stated in commenting on the same, and in order to avoid uncertainty the said provision is made expressly in the new law. Moreover, it is in harmony with the Civil Code, article 1060 of which provides that 'if the minors are under *patria potestas* and are represented in the division (of the inheritance) by the father or by the mother, as the case may be, neither the intervention nor approval of the court shall be required.'" IV Manresa, Law of Civil Procedure, 439.

Article 1060 of the Civil Code referred to by Manresa is similar to section 1027 of our Revised Civil Code.

As will be seen, the construction given to section 25 of the act relating to special legal proceedings, as amended by the Act of March 8, 1906, is in harmony with the provisions and practice of our old law and we find no provision which is in open conflict with such construction.

For the foregoing reasons the decision of the District Court of Arecibo of October 15, 1914, from which the present appeal was taken, should be affirmed on the ground that the conveyances of real property in which minor heirs are interested, made to the widower, José Genaro Sotomayor, without the proper authorization of the court are void and without legal effect; but the partition which the court refused to approve is not null and void because of the failure of the duly appointed partitioners to take part therein or because a judicial administrator of the estate of Ignacia Berenguer Reyes was not appointed, and the partition should be pro-

ceeded with in accordance with the principles herein laid down.

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.

Mr. Justice Hutchison took no part in the consideration and decision of Case No. 1177, *Del Rosario et al.,* v. *Rucabado et al.,* 23 P. R. R. 458, appealed from the District Court of Guayama, in which case he was the trial judge.